## Integrity Trust Company, etc., v. Wilkinson

*Murdoch, Paxson, Kalish & Green*, for plaintiff.
*Henry W. Walnut*, for defendant.

MACNEILLE, J., October 5, 1935.—An original mortgagor, who, of course, was obligor on the bond accompanying the mortgage, sold the property covered by the mortgage to a grantee under and subject, and the title

was again transferred by his grantee. The mortgage is now delinquent, since the present title holder has neglected to pay the principal and interest. The mortgagee entered judgment on the bond of the mortgagor. Defendant petitions to quash the attachment on the ground that the plaintiff did not comply with the Deficiency Judgments Act of July 1, 1935, P. L. 503, so as to sell the mortgaged premises first in order to meet the requirements as to fixing a deficiency judgment.

Plaintiff has demurred to this petition on the ground that a mortgagor is not within the protection of the act so far as personal property is concerned.

Defendant in this proceeding has become the plaintiff in an equity proceeding brought by him, Thomas W. Wilkinson v. Integrity Trust Company and Integrity Trust Company, Trustee, C. P. No. 5, June term, 1935, no, 8266, raising the question as to whether the attachment sur judgment was properly issued and if so can be carried to a conclusion before the mortgaged premises have been sold. The question raised by this bill in equity is substantially the same as that raised by the rule which we are considering.

We are required to interpret section 1 of the Act of July 1, 1935, P. L. 503, which provides as follows:

"Be it enacted, &c., That in all cases where a bond and mortgage, or any other obligation securing or guaranteeing the payment thereof, is or has been given for the same debt, the real property, bound by such bond and mortgage, shall first be proceeded against and sold on execution, and the amount of the deficiency judgment ascertained, as hereinafter provided, before any other real property of the mortgage debtor may be attached, levied on or sold for the debt secured by such bond and mortgage, and before any property, real or personal, of any such other person may be sold for the debt secured by such bond and mortgage."

This act has for its purpose the same ends as the Deficiency Judgments Act of January 17, 1934, P. L. 243,

to which it refers, and that purpose is to assure a credit on the judgment equivalent to the fair value of the property when bought in by the mortgagee, whether bought by him for a nominal amount or otherwise. Clearly the Act of 1934 did not affect the right of a mortgagee to proceed against collateral he had until his debt was paid. This was so because that act had no application until there was a sale of the mortgaged premises. There was no mandate in the act requiring a sale of the mortgaged premises by a mortgagor before proceeding on collateral.

The Deficiency Judgments Act of 1935 differs from the Act of 1934 inasmuch as it seeks to require in some instances that proceedings shall either not start or if started shall be stayed until sale is had of the mortgaged premises and a deficiency judgment thereafter established. The title of the Act of 1935 is:

"To protect the obligors or guarantors of bonds and mortgages, and owners of property affected thereby, and others indirectly liable for the payment thereof, and owners of mortgaged property affected thereby".

Thus in the title of the act obligors or guarantors are included in one clause. In the other clause it says, "and others indirectly liable" and "owners of mortgaged property affected thereby". If these clauses in the title had been carried out in section 1 of the act it would greatly lessen our difficulty of interpretation. It is noticeable that in the first clause of the section it reads:

"That in all cases where a bond and mortgage, or any other obligation securing or guaranteeing the payment thereof, is or has been given for the same debt, the real property, bound by such bond and mortgage, shall first be proceeded against and sold on execution, and the amount of the deficiency judgment ascertained".

But it goes on to say: "before any other real property of the mortgage debtor may be attached". There is in this no prohibition against attaching personal property.

The defendant in the instant case stands obligated by his own bond and mortgage, and it is his personal prop-

erty which is attached. True it is attached before the real property bound by the bond and mortgage has been proceeded against, but this makes no difference, because the act only forbids proceeding against his real property.

The defendant seeks to have applied to his situation the last clause of section 1, which reads: "and before any property, real or personal, of any such other person may be sold for the debt secured by such bond and mortgage."

Probably this means "others indirectly liable for the payment thereof, and owners of mortgaged property affected thereby". The defendant in this case is not an owner of the mortgaged premises, nor can he be classed as being amongst "others indirectly liable for the payment thereof". If we were to class him as "any such other person" we then encounter a prohibition only that any property real or personal of any such other person may be sold, but not preventing it from being attached or levied upon.

It seems to us that we should say as to a mortgage debtor, i. e., the original mortgagor, that the real property bound by the mortgage must be proceeded against and sold on execution before other real property may be attached, levied on or sold; but that as to others indirectly liable and owners of mortgaged property affected thereby, other property may be attached or levied on, but not sold.

There is no prohibition against sale of the personal property of the mortgage debtor.

Therefore, we discharge defendant's rule to show cause why the attachment sur judgment should not be quashed and stricken off. As to the bill in equity which has been filed, we sustain the objections to that bill filed by the defendant therein, and dismiss the bill.